WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Ruben Basilio Mosso, | No. CV-25-04257-PHX-MTL (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| John E Cantu, et al., | |
| Respondents. | |

This case involves a petition for writ of habeas corpus under 28 U.S.C. § 2241.

## I.

Petitioner, a Mexican citizen who entered the United States illegally, alleges that the duration of his detention violates the United States Constitution. On August 15, 2018, Petitioner was issued a final order of removal by an immigration judge but was granted deferral of removal to Mexico under the CAT.[1] (Doc. 1 ¶ 26.) According to the Petition, his "removal was deferred only as to Mexico and at any time he may be removed to another country where he is not likely to be tortured." (*Id*. ¶ 27.) Petitioner was released from United States Immigrations and Customs Enforcement ("ICE") custody, under an order of supervision, on September 11, 2018. (*Id*. ¶ 28.)

He was re-taken into custody by ICE personnel on July 1, 2025. (*Id*. ¶ 29.) By its Enforcement and Removal Operations ("ERO") group, ICE is seeking to remove petitioner to Spain, Columbia, or Guatemala. (Doc. 7-1 ¶ 50; Doc. 16-1 ¶ 3.)

---

[1] CAT refers to the Convention Against Torture.

Petitioner seeks a writ of habeas corpus, arguing that his detention is unconstitutionally indefinite. The Court has considered the Petition and the parties' briefs. The Petition will be denied without prejudice.

**II.**

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government cannot affect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. *See* 533 U.S. at 701.

Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* From that point, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700.

This finding should not be made lightly, as the alien must satisfy a high bar. Post-*Zadvydas* cases have clarified that detention becomes unconstitutional only when it is "indefinite and potentially permanent," *id.* at 696, and removal is "no longer practically attainable," *Demore v. Kim*, 538 U.S. 510, 527-28 (2003). An alien's detention that "lacks a certain end date" does not equate to a constitutional violation. *Prieto-Romero v. Clark*,

534 F.3d 1053, 1063 (9th Cir. 2008).

### III.

Petitioner has been detained longer than the six-month period that *Zadvydas* considers "presumptively reasonable."

The passage of six months, by itself, does not trigger a right for a detained alien to be released from custody. Petitioner has a complex immigration history in which he cannot be removed to his home country of Mexico. But that does not foreclose federal immigration officials from successfully pursuing third-country removal. Indeed, the administration has successfully pursued third-country removal. *See Ladak v. Noem*, — F. Supp. 3d —, 2025 WL 3764016, at *8 (N.D. Tex. Dec. 30, 2025).

As the Supreme Court clarified its *Zadvydas* holding in *Demore*, conditions of unconstitutionality arise only where removal was "no longer practically attainable." 538 U.S. at 527-28. In the context of third-country removal, "the lack of prior third-country removal might be salient where there is presently no country in the world willing to accept the petitioner." *Bayat v. Bradford*, — F. Supp. 3d —, 2025 WL 3639441, at *2 (E.D. Tex. Dec. 12, 2025) (citation modified). In situations where an illegal alien is "*capable* of being removed . . . the government retains an interest in assuring [his] presence at removal." *Prieto-Romero*, 534 F.3d at 1065 (citation modified).[2]

Petitioner was re-taken into custody on July 1, 2025, eight months ago. In that time, ERO has worked to remove Petitioner to Spain, Columbia, or Guatemala. The requests to these governments are pending. (Doc. 16-1 ¶ 3.) These countries have not yet responded to ERO's inquiries.

The lack of response from a foreign government, over several months, does not, by itself, raise constitutional problems with confinement. The "mere passage of time" and "speculation and conjecture" are not enough for a petitioner to satisfy his burden to show

---

[2] Pietro-Romero remained in immigration custody from February 2005 until, at least, the Ninth Circuit's decision in July 2008. *Prieto-Romero*, 534 F.3d at 1056 ("From February 2005 until the present, Prieto–Romero has remained in the continuous custody of the federal government."). The Ninth Circuit did not consider three-and-a-half years, and counting, unconstitutionally prolonged detention.

that there is no good reason to believe that his removal is reasonably likely in the foreseeable future. *Salem v. Core Civic Warden*, 4:25-cv-02058-PAB, 2026 WL 194156, at *3 (N.D. Ohio Jan. 26, 2026); *Beckford v. Lynch*, 168 F. Supp. 3d 533, 539 (W.D.N.Y. 2016). Immigration officials in the United States and in foreign governments are not expected to move at warp speed to implement a removal.

On this record, the Court finds that Petitioner has failed to satisfy his burden that there is no good reason to believe that his removal is reasonably unlikely in the foreseeable future. The Court further finds that the government has a strong interest in ensuring that Petitioner is available for removal, when the time comes. *See Prieto-Romero*, 534 F.3d at 1065. The Court will deny the Petition without prejudice to refiling later, if necessary.

**IV.**

The Court will not consider arguments raised by Petitioner at oral argument that were not presented as grounds for relief in the Petition. *See Greene v. Henry*, 302 F.3d 1067, 1070 n.3 (9th Cir. 2002) (claims not alleged in the federal habeas petition need not be considered).

**IT IS THEREFORE ORDERED:**

1.      The Petition (Doc. 1) is **denied without prejudice**.

2.      The reference to the Magistrate Judge is **withdrawn**.

3.      The Clerk of Court must enter a judgment of dismissal without prejudice and close this case.

Dated this 5th day of March, 2026.

Michael T. Liburdi
United States District Judge